IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lee A. Donaldson, <br> John Capuano, <br>     Plaintiffs, <br>     vs. <br> Informatica Corporation and <br> Paul J. Hoffman, <br>     Defendants. | Civil Action No. 08-605 |

AMBROSE, District Judge

# MEMORANDUM OPINION AND ORDER OF COURT

Defendant, Informatica Corporation ("Defendant" or "Informatica"), filed a Motion for Summary Judgment in this case on May 20, 2009. (Docket No. 73). Plaintiffs Lee A. Donaldson ("Donaldson") and John Capuano ("Capuano") filed a Motion for Partial Summary Judgment on that same date. (Docket No. 77). On November 30, 2009, I issued an Opinion and entered an Order granting Defendant's Motion and denying Plaintiffs' Motion. (Docket No. 95). Thereafter, Plaintiffs filed a Motion to Alter or Amend Judgment Pursuant to F.R.C.P. 59(e) (Motion for Reconsideration) (Docket No. 97) and Brief in Support. (Docket No. 98). Defendant opposes that Motion. (Docket No. 100). After careful consideration of the parties' submissions, and for the reasons set forth below, Plaintiffs' Motion for Reconsideration is denied.

A motion for reconsideration of an order granting summary judgment will be granted only where: (1) new evidence becomes available; (2) there has been an intervening change in controlling law; or (3) there is a need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). "Motions for reconsideration should

be granted sparingly because of the interests in finality and conservation of scarce judicial resources." Payne v. DeLuca, No. 02-1927, 2006 WL 3590014, at *2 (W.D. Pa. Dec. 11, 2006).

Here, Plaintiffs seek reconsideration of the portions of my Order granting summary judgment to Defendant as to Plaintiffs' breach of contract claims and Plaintiff Donaldson's defamation claim. Plaintiffs, however, do not offer any new evidence or raise any new issues of fact or law to warrant another review. Indeed, Plaintiffs raised the exact same arguments in their summary judgment papers, and I specifically considered them in reaching the conclusions set forth in my November 30, 2009 Opinion. See Docket No. 95; see also Ostroff v. Alterra Healthcare Corp., Civ. Action No 05-6187, 2006 WL 2086970, at *3 (E.D. Pa. July 25, 2006) (reconsideration improper where party merely restates or rehashes arguments previously made and considered by the court).

The sole basis of Plaintiffs' Motion is that reconsideration is necessary to correct manifest injustice stemming from clear errors of law or fact. Where the basis of a motion for reconsideration is to correct a manifest injustice, the moving party must show not only that the underlying decision was wrong but "that it was clearly wrong and that adherence to the decision would create a manifest injustice." Payne, 2006 WL 3590014, at *2 (quoting In re City of Philadelphia Litig., 158 F.3d 711, 720-21 (3d Cir. 1998)). In this case, Plaintiffs have failed to demonstrate clear legal or factual error or manifest injustice.

With respect to the breach of contract claims, Plaintiffs argue that I committed an error of law and created a manifest injustice in declaring that, because the contract provides for complete discretion in granting holds, there is no duty of good faith in exercising that discretion. Pls.' Motion at 3-4. This argument misstates my holding dismissing the breach of contract claims. The summary judgment opinion does not hold that the discretionary language in Section F of the WICTC eviscerates Informatica's implied duty of good faith and fair dealing in performing the contract. Rather, I held only that Plaintiffs could not invoke the good faith doctrine to render those

discretionary provisions mandatory – *i.e.*, to require Informatica to approve any hold requested by a salesperson who has an active opportunity on a transferring account. See Opinion and Order (Docket No. 95) at 16-17, 20. Whether or not Informatica exercised its discretion in good faith is an entirely different question.[1] With respect to that question, I held that Plaintiffs had not pointed to any record evidence from which a reasonable jury could conclude that Informatica violated any implied duty of good faith in this case. Id. at 20-21. Plaintiffs' disagreement with that conclusion is not a proper basis for reconsideration.

With respect to the defamation claim, Plaintiffs argue that I usurped the function of the jury in determining that Hoffman did not abuse his conditional privilege. Pls.' Motion at 4. Specifically, Plaintiffs argue that whether defamatory statements were made with malice is for a jury to determine. Pls.' Br. at 8. This argument is without merit. I recognize that generally with matters of privilege, "[i]t is a question of law whether privilege applies in a given case, but a question of fact for the jury whether a privilege has been abused." Agriss v. Roadway Exp., Inc., 483 A.2d 456, a63 (Pa. Super. Ct. 1984). Indeed, I agree with Plaintiffs that a "genuine dispute" as to malice is a question for the jury. Pls.' Br. at 8. As set forth in my November 30, 2009 Opinion, however, Plaintiffs in this case did not point to record evidence sufficient to create a genuine issue of material fact as to malice. Opinion and Order at 25-26. Accordingly, there is no question for the jury to decide.

Plaintiffs also argue that I misapplied the law regarding proving damages in defamation *per se* cases. Pls.' Motion at 4; Br. at 8-9. In particular, Plaintiffs cite Comment (a) to Section 621 of the Restatement (Second) Torts for the proposition that "general damages have traditionally been

---

[1] I did not address this latter question in the section of the Opinion denying Plaintiffs' Motion for Partial Summary Judgment because Plaintiffs' Motion dealt solely with contract interpretation issues, not the application of the contract to the facts of this case. Accordingly, the relevant portion of the Opinion addressing whether Informatica acted in good faith is set forth at page 20 of the Opinion discussing Informatica's Motion for Summary Judgment on the contract claim.

awarded not only for harm to reputation that is proved to have occurred, but also, in the absence of this proof, for harm to reputation that *would normally be assumed to flow from a defamatory publication of the nature involved.*" Pls.' Br. at 8-9 (quoting Restatement (Second) Torts § 621 cmt. a) (emphasis added by Plaintiffs).  This section of the comment, however, refers to the common law theory of "presumed damages" in defamation *per se* cases.  Although defamation *per se* plaintiffs do not need to show "special harm" (*e.g.*, monetary loss), courts applying Pennsylvania law have rejected the "presumed damages" theory and required plaintiffs to prove general damages (*i.e.*, actual reputational harm).  See Opinion and Order at 27 and cases cited therein; see also Pyle v. Meritor Sav. Bank, Nos. Civ. A. 92-7361, 92-7362, 1996 WL 115048, at *3 (E.D. Pa. Mar. 13, 1996) ("In a defamation *per se* case, a plaintiff must prove general damages from a defamatory publication and cannot rely upon presumed damages.").  As set forth in my November 30 Opinion and Order, Donaldson did not point to any record evidence of reputational or other harm.  Opinion and Order at 27.  Donaldson's remaining damages arguments were raised and addressed in my prior Opinion and are inappropriate for reconsideration.

THEREFORE, this 22nd day of December, 2009, upon consideration of Plaintiffs' Motion for Reconsideration (Docket No. 97), it is hereby ordered that said Motion is denied.


    BY THE COURT:

    /s/ Donetta W. Ambrose
    Donetta W. Ambrose
    U.S. District Judge